UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIE MACON

PLAINTIFF,

V.                                                    CASE NO. 6:26-CV-00922-CEM-DCI

ADR 20 LLC A FLORIDA LIMITED
LIABILITY  COMPANY D/B/A THE
CORNER PIZZA BAR,

DEFENDANT.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, ADR 20, LLC d/b/a The Corner Pizza Bar ("Defendant"), through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8 and 12, hereby answer Plaintiff's Complaint (Doc. 1) and asserts defenses and affirmative defenses as follows:

1. Defendant admits that this case arises from alleged failure to make its online platform compatible with screen access software but denies the remaining allegations on ¶ 1 of the Complaint.

2. Defendant admits MACON files this lawsuit because of alleged exclusion but denies the remaining allegations on ¶ 2 of the Complaint.

3. Defendant admits MACON seeks an order requiring Defendant's website to be accessible but denies the remaining allegations on ¶ 3 of the Complaint.

## JURISDICTION AND VENUE

4. Defendant admits allegations on ¶ 4 of the Complaint to the extent that it grants this Court proper jurisdiction for claims brought under the ADA, 28 U.S.C §§ 1331 and 1343, and 42 U.S.C. §§ 12181-12189. Otherwise, Defendant denies allegations on ¶ 4 of the Complaint.

5. Defendant admits allegations on ¶ 5 of the Complaint to the extent that it grants this Court proper venue pursuant to 28 U.S.C §§ 1391 (b) and the Internal Operating Procedures for the United States District Court of the Middle District of Florida. Otherwise, Defendant denies allegations on ¶ 5 of the Complaint.

6. Defendant admits allegations on ¶ 6 of the Complaint to the extent that they provide online services through the State of Florida. Otherwise, Defendant denies allegations on ¶ 6 of the Complaint.

7. Defendant admits allegations on ¶ 7 of the Complaint to the extent that they operate a Principal Place of Business with a physical address of 150 S Magnolia Ave #101E, Orlando, Florida 32801. Otherwise, Defendant denies allegations on ¶ 7 of the Complaint.

2

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 8 of the Complaint, and on that basis denies them.

## PARTIES

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 9 of the Complaint, and on that basis denies them.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 10 of the Complaint, and on that basis denies them.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 11 of the Complaint, and on that basis denies them.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 12 of the Complaint, and on that basis denies them.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 13 of the Complaint, and on that basis denies them.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 14 of the Complaint, and on that basis denies them.

15. Defendant admits allegations on ¶ 15 of the Complaint to the extent that they operate a Principal Place of Business with a physical address of 150 S Magnolia Ave #101E, Orlando, Florida 32801. Otherwise, Defendant denies allegations on ¶ 15 of the Complaint.

16. Defendant admits allegations on ¶ 16 of the Complaint to the extent that they operate a operate an online Platform for their business. Otherwise, Defendant denies allegations on ¶ 16 of the Complaint.

17. Defendant denies allegations on ¶ 17 of the Complaint.

18. Defendant admits only to the extent that Defendant's principal place of business is also open to the public. Otherwise, Defendant denies allegations on ¶ 18 of the Complaint.

19. Defendant admits only to the extent that Defendant's principal place of business and website have a nexus. Otherwise, Defendant denies allegations on ¶ 19 of the Complaint.

20. Defendant denies allegations on ¶ 20 of the Complaint.

**FACTUAL AND SUBSTANTIVE ALLEGATIONS**

4

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 21 of the Complaint, and on that basis denies them.

22. Defendant admits only to the extent that Defendant's principal place of business and website have a nexus. Otherwise, Defendant denies allegations on ¶ 22 of the Complaint.

23. Defendant admits only to the extent that Defendant's website has restaurant location and prices. Otherwise, Defendant denies allegations on ¶ 23 of the Complaint.

24. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 24 of the Complaint, and on that basis denies them.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 25 of the Complaint, and on that basis denies them.

26. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 26 of the Complaint, and on that basis denies them.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 27 of Complaint including subsections a to d, and on that basis denies them.

28. Defendant denies the allegations in ¶ 28 of Complaint.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 29 of the Complaint, and on that basis denies them.

30. Defendant denies the allegations in ¶ 30 of Complaint.

### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

31. Defendant realleges and incorporates by reference the defenses set forth in the preceding paragraphs, ¶¶ 1-30, of this Answer.

32. To the extent that ¶ 32 of the Complaint is a mere recitation of law, no response is required. To the extent that a response is deemed necessary, Defendant denies allegations contained in ¶ 32 of the Complaint.

33. To the extent that ¶ 33, including subsections a to e of the Complaint is a mere recitation of law, no response is required. To the extent that a response is deemed necessary, Defendant denies allegations contained in ¶ 33 of the Complaint.

34. To the extent that ¶ 34, including subsections a to c of the Complaint is a mere recitation of law, no response is required. To the extent that a response is deemed necessary, Defendant denies allegations contained in ¶ 34 of the Complaint.

35. To the extent that ¶ 35 of the Complaint is a mere recitation of law, no response is required. To the extent that a response is deemed necessary, Defendant denies allegations contained in ¶ 35 of the Complaint.

36. To the extent that ¶ 36 of the Complaint is a mere recitation of law, no response is required. To the extent that a response is deemed necessary, Defendant denies allegations contained in ¶ 36 of the Complaint.

37. Defendant denies allegations set forth in ¶ 37 of the Complaint.

38. Defendant denies allegations set forth in ¶ 38 of the Complaint.

39. Defendant denies allegations set forth in ¶ 39 of the Complaint.

40. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 40 of the Complaint, and on that basis denies them.

41. Defendant admits only to the extent that Defendant's website and principal place of business fall within the definition of Title III of the ADA, 42 U.S.C. §12181(7). Otherwise, Defendant denies allegations on ¶ 41 of the Complaint.

42. Defendant admits only to the extent that Defendant's principal place of business and website have a nexus. Otherwise, Defendant denies allegations on ¶ 42 of the Complaint.

43. Defendant denies allegations set forth in ¶ 43 of the Complaint.

44. Defendant denies allegations set forth in ¶ 44 of the Complaint.

45. To the extent that ¶ 45 of the Complaint is a mere recitation of law, no response is required. To the extent that a response is deemed necessary, Defendant denies allegations contained in ¶ 45 of the Complaint.

46. To the extent that ¶ 46 of the Complaint is a mere recitation of law, no response is required. To the extent that a response is deemed necessary, Defendant denies allegations contained in ¶ 46 of the Complaint.

47. To the extent that ¶ 47 of the Complaint is a mere recitation of law, no response is required. To the extent that a response is deemed necessary, Defendant denies allegations contained in ¶ 47 of the Complaint.

48. To the extent that ¶ 48 of the Complaint is a mere recitation of law, no response is required. To the extent that a response is deemed necessary, Defendant denies allegations contained in ¶ 48 of the Complaint.

49. To the extent that ¶ 49 of the Complaint is a mere recitation of law, no response is required. To the extent that a response is deemed necessary, Defendant denies allegations contained in ¶ 49 of the Complaint.

50. Defendant denies the allegations of ¶ 50 of the Complaint, including subsection a to k.

51. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 51 of the Complaint, and on that basis deny them. Defendants assert that the document attached as "Composite Exhibit 1" of the Complaint speaks for itself but deny that Plaintiff is entitled to the relief sought and further deny the remaining allegations set forth in ¶ 51 of the Complaint.

52. Defendant denies allegations set forth in ¶ 52 of the Complaint.

53. Defendant denies allegations set forth in ¶ 53 of the Complaint.

54. Defendant denies allegations set forth in ¶ 54 of the Complaint.

55. Defendant denies allegations set forth in ¶ 55 of the Complaint.

56. Defendant denies allegations set forth in ¶ 56 of the Complaint.

57. Defendant denies allegations set forth in ¶ 57 of the Complaint.

58. Defendant denies allegations set forth in ¶ 58 of the Complaint.

59. Defendant denies allegations set forth in ¶ 59 of the Complaint.

60. Defendant denies allegations set forth in ¶ 60 of the Complaint.

61. Defendant denies allegations set forth in ¶ 61 of the Complaint.

62. To the extent that ¶ 62 of the Complaint, including subsections a to c, are a mere recitation of law, no response is required. To the extent that a response is deemed necessary, Defendant denies allegations contained in ¶ 62 of the Complaint.

In response to the unenumerated WHEREFORE paragraph immediately following ¶ 62, including subsections A through L, Defendant denies the allegations and further deny Plaintiff is entitled to any relief sought.

## GENERAL DENIAL

All allegations in the Complaint not expressly admitted are hereby denied.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., because it

does not allege facts showing that Defendant's premises and website deny full and equal enjoyment of goods, services, or facilities to person with disabilities.

## SECOND DEFENSE

Plaintiff lacks standing to bring a claim because Plaintiff has not suffered an actual, concrete injury, has not established genuine intent to return to the subject premises or the website, and therefore has not shown a real and immediate threat of future harm sufficient to confer standing for injunctive relief.

## THIRD DEFENSE

Plaintiff's claims are moot because Defendant has remedied, or are in the process of remedying, the alleged architectural and website accessibility barriers, and there is no reasonable expectation that the alleged violation will recur.

## FOURTH DEFENSE

If any of the unlawful acts and omissions alleged in the Complaint were engaged in by Defendant, which Defendant vigorously denies, they did not engage in such acts or omissions knowingly, intentionally or willfully, and therefore, Plaintiff's claims for liquidated damages are barred.

11

## FIFTH DEFENSE

Defendant provides alternative methods of access that afford individuals with disabilities an equal opportunity to obtain the same goods, services, and accommodation offered to others, as permitted by 28 C.F.R. § 36.305.

## SIXTH DEFENSE

Defendant did not intentionally discriminate against Plaintiff or any person with disability and at all relevant times acted in good faith to comply with applicable accessibility requirements.

## SEVENTH DEFENSE

Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

Dated this 12th day of August, 2026.

Respectfully submitted,

Spire Law, PLLC
400 Fontana Circle #105
Oviedo, FL 32765

By: */s/ Jesse I. Unruh*
Jesse I. Unruh, Esq.
Florida Bar No. 93121
Monica Monsalve-Burr

12

Florida Bar No. 1031295
monica@spirelawfirm.com
jesse@spirelawfirm.com
margarita@spirelawfirm.com
filings@spirelawfirm.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this  12th day of August, 2026, the foregoing was electronically filed with the Court via submission to the CM/ECF portal, which will send a notice of electronic filing to all counsel of record for Plaintiff.

*/s/ Jesse I. Unruh*
Attorney